IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MUNTAHA HASSAN,            )
                           )
            Plaintiff,     )
v.                         )    Case No. 16-2573-CM
                           )
NANCY A. BERRYHILL, ACTING )
COMMISSIONER OF SOCIAL     )
SECURITY,                  )
            Defendant.     )
_____)

## MEMORANDUM AND ORDER

Plaintiff Muntaha Hassan claims that she became disabled on May 10, 2011. She suffers from type II diabetes with diabetic retinopathy, carpal tunnel syndrome and other diabetic neuropathies, obesity, and various mental impairments diagnosed to include depressive disorder and anxiety disorder. Plaintiff has not engaged in substantial gainful activity since 2007. She filed this action pursuant to Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381 et seq., requesting supplemental security income benefits.

An Administrative Law Judge ("ALJ") found that plaintiff was not disabled in a decision issued in March 2015, which stands as the final decision of the Commissioner of Social Security. Plaintiff argues that the ALJ erred in several ways: (1) He did not properly evaluate the medical opinion evidence with respect to plaintiff's mental impairments; (2) he failed to properly assess plaintiff's residual functional capacity; and (3) the testimony of the vocational expert does not support a finding that plaintiff is not disabled. If the ALJ improperly evaluated the medical opinion evidence regarding plaintiff's mental impairments, then the court must remand the case. After reviewing the record, the court makes the following rulings.

-1-

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record? (2) Did the ALJ apply the correct legal standards? *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). The court's review is limited; it may not reweigh the evidence or replace the ALJ's judgment with its own. *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)). In evaluating whether a claimant is disabled, the ALJ engages in a five-step process. *See Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (identifying five-step process) (citations omitted). The court will not repeat that process here, though, as the only issue the court reaches is whether the ALJ properly weighed Dr. Danielle Skirchak's opinion.

Dr. Skirchak is plaintiff's treating psychiatrist. "'Treating source medical opinions are [ ] entitled to deference,' and must be either given controlling weight or assigned some lesser weight 'using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.'" *Andersen v. Astrue*, 319 F. App'x 712, 718 (10th Cir. 2009) (quoting Social Security Ruling ("SSR") 96–2p, 1996 WL 374188, at *4)). The ALJ must give the opinion controlling weight if it is (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). If the opinion fails either of these tests, then the ALJ must consider a number of factors to determine the weight to give the opinion:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). The ALJ's opinion need not explicitly discuss each factor, *see Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), but it must be clear

that the ALJ considered every factor, *see* 20 C.F.R. § 404.1527(c)(2) ("[W]e apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion."); SSR 96–2p, 1996 WL 374188, at *4 ("Treating source medical opinions . . . must be weighed using all of the factors provided . . . ."). When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports to see if they outweigh the treating physician's reports. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289–90 (10th Cir. 1995).

The record includes over two years of treatment records by Dr. Skirchak. During that time period (January 2013 through March 2015), she saw plaintiff at least fourteen times. She diagnosed plaintiff with anxiety, PTSD, panic disorder, and major depression, severe, with psychotic features. But the ALJ gave Dr. Skirchak's opinion little weight, finding it inconsistent with and unsupported by the medical evidence of record. The ALJ gave great weight to the opinions of two psychologists—George W. Stern, Ph.D. and Lauren Cohen, Ph.D. Both Dr. Stern and Dr. Cohen acted as nonexamining psychological consultants.

The ALJ found that Dr. Skirchak's opinion was inconsistent with her treatment notes. According to the ALJ, Dr. Skirchak's treatment notes indicated that plaintiff was more capable than Dr. Skirchak had opined in her medical source statement. Dr. Cohen sent a request in November 2013 for Dr. Skirchak to explain the discrepancy—i.e., whether plaintiff's condition had suddenly and severely deteriorated between her last examination and the time Dr. Skirchak completed the medical source statement. The ALJ believed that Dr. Skirchak's response was inadequate and non-responsive. But as plaintiff points out, there is no indication that Dr. Skirchak received the request from Dr. Cohen, as the letter from Dr. Skirchak actually was provided in response to a separate, in-person request from

plaintiff.  Indeed, the letter was dated the same date as plaintiff's personal request, and it was addressed "To whom it may concern" instead of to Dr. Cohen.

The ALJ took the first required step in evaluating Dr. Skirchak's opinion—he considered whether it was consistent with the rest of the record.  But once he found it inconsistent, he failed to evaluate any of the six factors identified above (except consistency and supportability).  Neither did the ALJ explain why the reports of the non-treating physicians outweighed that of Dr. Skirchak (other than to summarily state that they were consistent with the medical evidence of record).  The court does not require factor-by-factor analysis, *see Oldham*, 509 F.3d at 1258, but the ALJ must give some indication that he considered the applicable factors in addition to consistency and supportability.

For these reasons, the court must remand the case for further consideration by the ALJ.  The court need not consider plaintiff's other arguments, as they may be subject to change upon further consideration by the ALJ.

**IT IS THEREFORE ORDERED** that the decision of the Acting Commissioner of Social Security is reversed and remanded for actions consistent with this Memorandum and Order.

Dated this 26th day of June, 2017 at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**